UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| RHONDA BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 11-105-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Rhonda Brewer ("Brewer" or "the Claimant") and Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). [Record Nos. 12, 13] Brewer argues that the Commissioner erred in finding that she is not disabled. In relevant part, the Claimant asserts that the Administrative Law Judge ("ALJ") assigned to conduct the administrative hearing did not give adequate reasons for rejecting the opinion of Dr. David Hays, her treating physician. Further, Brewer argues that the ALJ did not properly consider the combined effects of her impairments or the "durational requirements" of the ability to perform substantial gainful activity. Brewer seeks to have this matter remanded for an award of benefits or further factual findings on the issues raised in her summary judgment motion. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed.

For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief requested by Brewer.

## I.

Brewer protectively filed applications for disability and disability insurance benefits and for supplemental security income on April 12, 2007. She alleged a disability beginning February 19, 2007. Brewer's claims were denied initially and upon reconsideration. Thereafter, administrative hearings were held before ALJ Ronald M. Kayser on September 26, 2008, and February 23, 2009.[1] Brewer appeared at the hearings along with her attorney, Roger Riggs, and vocational expert ("VE") Jackie B. Rogers. In a decision dated June 17, 2009, ALJ Kayser found that Brewer retained the residual functional capacity ("RFC") to perform past work as a clerical worker. Additionally, the ALJ determined that Brewer could perform additional jobs in the national economy, even in light of her RFC. As a result of his findings and conclusions,

---

1   The administrative hearing commenced on September 26, 2008. However, the ALJ directed an "all systems" examination of the Claimant and, therefore, did not complete the hearing on this date. [Tr., pp. 586-587] After additional medical and mental health information was obtained, the hearing reconvened on February 23, 2009. [Tr., pp. 583] The second portion of the administrative hearing consisted primarily of testimony from the vocational expert, Jackie Rogers, Ph.D. During initial discussions between the ALJ and counsel for the Claimant, counsel noted that Dr. David Hays had not yet "signed off" on the submission of a nurse practitioner, Jodi Durbin. As a result, attorney Roger Riggs asked that the record be held open to allow Dr. Hays' statement to be submitted. The ALJ responded as follows: "I won't hold the record open but by the time I get to this I'm sure it'll come in so when it comes in . . . I'll take a look at it, not a problem." [Tr., p. 576] It does not appear that the statement from Dr. Hays was received following the February 23, 2009, hearing.

   The statement of nurse practitioner Jodi Durbin is dated March 29, 2007, and appears at pages 141 and 261 of the administrative transcript. A Physical Capacities Evaluation dated June 29, 2007, and signed by Durbin appears at page 142 of the administrative transcript. Finally, the administrative transcript contains a document captioned "Cardiac Residual Functional Capacity Questionnaire at pages 288 to 294. This questionnaire is signed by Durbin and dated September 17, 2008. The document also appears to contain a second, undated and illegible signature. In light of the submission date of September 17, 2008, the Court assumes that this is not the statement from Dr. Hays that attorney Riggs was intending to submit in February of 2009.

the ALJ determined that Brewer was not entitled to disability insurance benefits or supplemental security income. [Tr., pp. 30-40]

Brewer appealed ALJ Kayser's decision to the Social Security Administration's Appeals Council. However, the Appeals Council denied the Claimant's request for review. Brewer then filed this action challenging the final decision of the Social Security Administration.

## II.

Brewer was thirty-seven years old at the time of the ALJ's decision. She has a high school education and work experience as a childcare worker, factory worker, janitor, cashier, and forestry department clerical worker. [Tr., pp. 103, 578] Brewer's alleged disability stems from complaints of stress, depression, alopecia, anxiety fatigue, frequent bronchitis, frequent sinusitis, metabolic syndrome, diabetes, allergies, high cholesterol, and gastric reflux disease. [Tr., pp. 62, 101-102] After reviewing the record and the testimony presented during the administrative hearing, the ALJ concluded that Brewer suffered from several impairments, including: morbid obesity, diabetes mellitus, asthma, and adjustment disorder with mixed anxiety and depressed mood. [Tr., p. 32] Additionally, the ALJ considered the effects of other impairments in assessing whether Brewer was disabled. These additional impairments included frequent chest pain, possible coronary artery disease, and back pain.

Notwithstanding these impairments, either alone or in combination, the ALJ found that Brewer retained the RFC:

> to lift 10 pounds continuously, and 10-20 pounds frequently; can carry the same; can sit 2 hours at a time, stand an hour at a time, and walk an hour at a time; can sit for a total of 8 hours in a normal day, stand for 2 hours total, and walk for 2 hours total in an 8 hour day. She can frequently reach overhead with both hands;

> continuously do all other reaching, handling, fingering, and feeling, push/pulling frequently; frequently use the feet for operation of foot controls; occasionally climb ramps and stairs, but cannot climb ropes, scaffolds, and ladders; cannot crouch or crawl; can continuously balance, occasionally stoop, occasionally kneel; can continuously work around unprotected heights, moving mechanical parts, and operate a motor vehicle; can frequently work around humidity and wetness, and extreme cold; and can occasionally tolerate dust fumes, chemicals, or whole body vibrations. She would have no limits on her ability to understand, remember, and carry out simple instructions, make judgments on simple work related decisions; moderate limitation on her ability to understand, remember, and carry out complex instructions, make judgments on complex work related decisions; mild limitations on her ability to interact appropriately with supervisors, co-workers, and the general public; and moderate limitations on her ability to respond appropriately to usual work situations and changes in a routine work setting.

[Tr., pp. 35] These restrictions mirror those of agency consultants who examined Brewer at the direction of the ALJ.

In reaching this decision, the ALJ specifically addressed the objective medical evidence relating to Brewer's complaints of chest pain and possible coronary artery disease. After outlining Brewer's evaluation and treatment by Dr. Sandesh Patil, the ALJ noted that the medical evidence does not support a conclusion that these impairments – either alone or in combination with other impairments – are "severe." Instead, they have "no more than a minimal effect on [Brewer's] ability to perform basic work-related activities . . . ." [Tr., pp. 33] While Brewer's medical records support this conclusion, the Claimant has pointed to no objective evidence which contradicts it.

In addition to complaints of chest and back pain, the ALJ also properly evaluated the effect of Brewer's obesity on her functional limitations. [*Id.*] Likewise, the ALJ reviewed all medically-relevant evidence pertaining to Brewer's diabetes mellitus, asthma and her mental

impairment but concluded that these impairments do not meet or medially equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1526, 416.925, and 416.926). [Tr., pp. 33-35]

The ALJ properly identified the two-step process to be followed in his evaluation (*i.e.,* (i) whether there is an underlying medically determinable physical or mental impairment that can be demonstrated by medically acceptable clinical and laboratory diagnostic techniques and which can be reasonably expected to produce the Claimant's pain or other symptoms; and (ii) the extent to which the intensity, persistence, and limiting effects of the Claimant's symptoms limit the Claimant's ability to do basis work activities). [Tr., p. 35] Under this framework, ALJ Kayser addressed Brewer's assertions that chest and back pain, numbness in her hands and fingers, and breathing problems prevent her from performing work-related activities, but noted that these complaints did not result in significant limitations, either individually, or in combination.

### III.

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the

claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

First, a claimant must demonstrate that she is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that she suffers from a severe impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's residual functional capacity and relevant past work to determine whether she can do past work. If she can, she is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).

Under the fifth step of the analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education, and past work experience to determine whether she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

## IV.

Brewer raises five issues in support of her motion for summary judgment; however, the first, second and fifth issues are essentially the same: that is, whether the ALJ gave proper weight to the opinion of Dr. Hays and whether he adequately explained the reasons for the weight given to that opinion. In addition to this issue, Brewer claims that the ALJ erred in failing to consider the combined effects of all of her impairments (Issue No. 3). Finally, she contends that the

ALJ's decision should be reversed because he failed to consider the durational requirements of substantial gainful activity and not merely the ability to find a job and physically perform it (Issue No. 4).

### A. The Opinion of Nurse Practioner Jodi Durbin

By letter dated March 29, 2007, Nurse Practioner Jodi Durbin expressed an opinion that Brewer was unable to work. She further states that her colleague, Dr. David Hays, shares this opinion. [Tr., pp. 141, 261] In addition, the administrative record contains a "Physical Capacities Evaluation" form prepared by Durbin in which she attributes certain physical limitations to Brewer. This form is dated June 29, 2007. Finally, the record contains a September 25, 2008, letter from Durbin addressed "To Whom it May Concern". Through this letter, Durbin states that Brewer has been treated at the Annville Medical Clinic for more than ten years and that she has participated in this treatment for more than two years. After outlining the Claimant's medical history and treatment at the clinic, Durbin opines that Brewer "is permanently disabled" and that her prognosis "is chronic and will drastically decline if the patient cannot have all medications, treatments, frequent doctor visits, and testing required." [Tr., pp. 262] During the administrative hearing held before ALJ Kayser on February 23, 2009, Brewer's attorney indicated that he was seeking to have Dr. Hays adopt Durbin's opinions as his own. However, the administrative record does not contain such an acknowledgment.

As the Commissioner notes in his motion, Nurse Practioner Durbin is not an acceptable medical source under the regulations. Accordingly, her opinions are not entitled to any special deference by the ALJ. *See* 20 C.F.R. §§ 404.1513(a), 416.913(a); Social Security Ruling (SSR)

06-03p. As discussed below, however, the ALJ addressed these opinions of Durbin as if they had been adopted by Dr. Hays.

> B. **The ALJ Properly Considered the Medical Opinions of ALL Treating Sources.**

A treating source's opinion as to the nature and severity of a claimant's impairments will be given controlling weight, provided it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." *Rogers*, 486 F.3d at 242 (internal quotation omitted) (alteration in original). If the ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must give "good reasons" for his decision. *Id.* These reasons must be "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.* (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5).

At pages 7-8 of his decision [Tr., pp. 36-37], ALJ Kayser discusses the relevant medical information concerning Brewer's condition as outlined in the medical records of Drs. Hays, Beth Miller, Sanesh Patil, and Barry Burchett. The decision also properly summarizes and discusses the psychological assessment performed by Robert Fitz, Ph.D. [Tr., pp. 37] This discussion meets the standard set forth above and explains the reason for discounting the nurse practioner's opinion even if it had been adopted by a recognized treating source entitled to deference.

Regarding Brewer's diabetes, Dr. Hays records indicate that the claimant was non-compliant with a diabetic diet in June of 2007. However, after adding insulin to her other medications, Brewer's condition had improved by August of that year. Dr. Beth Miller treated

Brewer for asthma, allergies and breathing difficulties in 2007. Medical records regarding this treatment indicate no acute distress. Instead, the Claimant's respiration was "normal, with normal breath sounds and no wheezing." [Tr., pp. 36][2] Likewise, notes from an August 2007 physical examination indicate that Brewer's respiration was normal, her lungs were clear, and that her "cardiovascular system showed a regular cardiac rate and rhythm." [*Id.*] Dr. Hays' physical examination of Brewer during this same time period confirmed that the Claimant had full range of motion through the musculoskeletal system and that her respiratory system was normal. [*Id.*]

Dr. Burchett examined Brewer on or about November 26, 2008. [Tr., pp 295-310] At the time of this examination, Brewer claimed to be disabled as a result of stress, anxiety, breathing problems, chest pains, headaches, and walking problems. However, she noted at the time that her chest pain was secondary to other problems. Although Dr. Burchett noted that the Claimant was obese, she had only mild limitations of movement. His listed diagnoses included anxiety disorder, by history; possible asthma, gastroesophageal reflux disease with atypical chest pain; type II insulin dependent diabetes; and morbid obesity. In light of these restrictions, Dr. Burchett concluded that Brewer could:

> lift and carry up to 10 pounds continuously, 11-20 pounds occasionally, and never over 20 pounds; can sit for 2 hours at a time and for a total of 8 hours per day; can stand and walk for one hour at a time for a total of 2 hours each; does not need a cane to ambulate; can frequently reach overhead and push/pull; can frequently use her feet to operate foot controls; can occasionally climb stairs and ramps, but never ladders, ropes, or scaffolds; can frequently stoop; occasionally kneel; and

---

2   While Dr. Miller's notes describe Brewer as "disabled," this description appears in the social section of her report. As noted by the ALJ, this represents information supplied by the Claimant as opposed to a medical opinion of Dr. Miller. [Tr., pp. 241]

never crouch or crawl; can frequently be exposed to humidity and wetness and to extreme cold, but only occasionally to dust, fumes, odors, pulmonary irritants, or vibrations. (Exhibit 12F)

[Tr., pp. 37, 302-306]

Brewer attended a psychological assessment with Robert Fitz, Ph.D., in December 2008. Fitz's report indicates that Brewer malingered in connection with some tests administered but did not on others. For example, regarding the Rey Memory Test, Fitz noted that Brewer did not malinger but "gave clearly malingered responses on the immediate recall of digits." He further observed that Brewer's performance on other items of the mental status examination "could be the result of depression rather than malingering." However, with respect to the Minnesota Multiphasic Personality Inventory, the Claimant "showed clear evidence of malingering." According to Fitz, "[t]his was not just exaggerating or overstating symptoms, but a deliberate attempt to present herself as mentally ill." As a result of this malingering, the remainder of the testing profile was meaningless. [Tr., pp. 37, 317-318] Based on Fitz's testing, observations and analysis, he concluded that:

> [Brewer's] ability to understand, retain, and follow directions is good for simple directions. She would have moderate difficulty with complex directions. Her ability to sustain attention to perform simple, repetitive tasks is good, but her performance would likely be significantly slow. Her ability to relate to others including fellow workers and supervisors is fair. She reported that in the past her work relationships have been good. She would be expected to have moderate difficulty tolerating stress and work pressures of day-to-day work activities.

[Tr., pp. 319] Both Dr. Burchett's and Fitz's opinions are based upon objective medical evidence relied on by the ALJ and incorporated into the hypothetical question posed to the VE.

After summarizing the objective medical evidence supporting his conclusions, the ALJ addressed Durbin's contention that Dr. Hays shared her opinion that Brewer was disabled. As ALJ Kayser correctly noted, "[e]ven though Dr. Hays is a treating source, his [*i.e.*, Durbin's] opinion that the claimant is "disabled" is an opinion on an issue that is reserved to the Commissioner and, thus, is never entitled to controlling weight or special significance." Further, this opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques but is, instead, inconsistent with other substantial evidence in the record. Under the facts presented, the ALJ had a sufficient basis reasons to reject the opinion of Nurse Practioner Durbin even if it had been properly adopted by Dr. Hays. *See* 20 C.F.R. §§ 404.1527(3), 416.927(3); SSR 96-5p.

### C. Combined Effect of Impairments

Brewer also argues that the ALJ did not consider the cumulative effect of her impairments. [Record No. 12] The ALJ is required to consider the combined effect of all the claimant's impairments in determining whether the claimant is disabled. 20 C.F.R. §§ 404.1523, 416.923. The Sixth Circuit has held that "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990) (citing *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987)).

Here, ALJ Kayser made a specific finding that Brewer "does not have an impairment *or combination of impairments* that meets or medically equals one of the listed impairments" in the applicable regulations. [Tr., p. 33; Finding No. 4 (emphasis added)] He also made multiple references in his decision to Brewer's "impairments" (plural) and discussed each impairment in detail. [Tr., p. 32-38] Further, as noted by the Commissioner, the Claimant's counsel fails to explain how the combined effects of Brewer's impairments resulted in any limitation in excess of her RFC. Accordingly, the Court rejects this argument.

### D.  Ability to Hold a Job for a Significant Period of Time

Finally, Brewer cites, *Gatliff v. Comm'r of Soc. Sec.*, 172 F.3d 690 (9th Cir. 1999), for the proposition that "substantial gainful activity means more than merely the ability to find a job and physically perform same. It also requires the ability to hold the job for a significant period of time." [Record No. 12, p. 5-6] She complains that the ALJ erred in failing to consider this case. However, this Court has considered *Gatliff* on a number of occasions and repeatedly rejected any suggestion of a separate durational requirement. *See Wilson v. Astrue*, No. 10-89-DCR, 2010 U.S. Dist. LEXIS 109750 (E.D. Ky., Oct. 13, 2010); *Durham v. Astrue*, No. 09-202-DCR, 2010 U.S. Dist. LEXIS 15382, at *16-*17 (E.D. Ky., Feb. 22, 2010); *Johnson v. Astrue*, No. 08-298-JBC, 2009 U.S. Dist. LEXIS 71516, at *7-*8 (E.D. Ky. Aug. 10, 2009); *Wilder v. Astrue*, No. 08-108-KSF, 2009 U.S. Dist. LEXIS 20170, at *18 (E.D. Ky. Mar. 12, 2009); *Garland v. Astrue*, No. 07-181-DLB, 2008 U.S. Dist. LEXIS 45270, at *16 (E.D. Ky. June 10, 2008). Instead, the Court assumes that "[i]mplicit in the RFC assigned to Plaintiff by the ALJ is a finding that Plaintiff is capable of maintaining employment." *Garland*, 2008 U.S. Dist.

LEXIS 45270, at *16. Thus, the RFC set out in ALJ Kayser's decision reflected his determination of the type of work Brewer could perform for a significant period of time. *See id.*

**V.**

Although Brewer has established that she suffers from some medical impairments, she has not established that her symptoms are severe enough to warrant an award of disability insurance benefits or supplemental security income. The ALJ did not err in rejecting the opinion of the nurse practioner even if it had been adopted by Dr. Hays. Moreover, the ALJ gave sufficient consideration to the combined effect of Brewer's impairments. The Court also concludes that the ALJ fully considered Brewer's testimony but found her to be not fully credible for reasons that were properly explained in his decision. Viewing the record as a whole, substantial evidence supports the Commissioner's determination that Brewer is not disabled. Accordingly, it is hereby

**ORDERED** as follows:

(1)  Plaintiff Rhonda Brewer's Motion for Summary Judgment [Record No. 12] is **DENIED**;

(2)  Defendant Michael J. Astrue's Motion for Summary Judgment [Record No.13] is **GRANTED**; and

(3)  The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 15th day of November, 2011.



Signed By:
*Danny C. Reeves* DCR
United States District Judge